UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                    :

R.P., *individually and on behalf of E.H.P., a child with a*    :
*disability*,                                        :
                                    :

                     Plaintiff,              :

                 -v-                      :         21-CV-4054 (JMF)
                                    :

NEW YORK CITY DEPARTMENT OF EDUCATION,    :         <u>OPINION AND ORDER</u>
                                    :

                     Defendant.            :
                                    :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       In this action, Plaintiff R.P. seeks attorney's fees and costs from the New York City

Department of Education (the "DOE") pursuant to the fee-shifting provisions of the Individuals

with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3).  R.P. now moves, pursuant to

Rule 56 of the Federal Rules of Civil Procedure, for summary judgment, seeking $56,340.58 in

fees, costs, and interest, part of which ($33,506.80) is attributable to the underlying

administrative proceedings and part of which ($22,833.78) is attributable to this action.  The

DOE concedes that R.P. is "a prevailing party" and that fees and costs are therefore appropriate,

but it argues that the fees and costs R.P. is seeking are excessive in various respects.  The Court

agrees substantially with the DOE.  Accordingly, and for the reasons that follow, R.P.'s motion

is granted, but she is awarded far less than she requested.

## BACKGROUND

       The following facts are undisputed.  R.P. is the parent of E.H.P., a minor who, during the

period relevant to this action, was classified as a child with disabilities within the meaning of the

IDEA.  ECF No. 23 ("SOF"), ¶¶ 3, 4.  Acting on E.H.P.'s behalf, R.P. filed an impartial due

process complaint ("DPC") on September 9, 2019, alleging that the DOE had failed to provide

the child a "free appropriate public education" within the meaning of the IDEA and seeking appropriate remedies. *Id.* ¶¶ 8, 10; *see also* ECF No. 20-1 ("DPC"). On September 24, 2019, the parties executed a partial resolution agreement, in which the DOE agreed to conduct a speech evaluation and reconvene the Committee on Special Education. SOF ¶ 12. On February 16, 2020, the assigned Independent Hearing Officer ("IHO") issued an interim order directing that E.H.P. receive an independent neuropsychologic evaluation at the DOE's expense. *Id.* ¶ 15.

On February 26, 2020, R.P. filed an amended DPC, alleging denial of a free appropriate public education for the 2018-2019 and 2019-2020 school years. *Id.* ¶ 13; *see also* ECF No. 20-2 ("Amended DPC"). On April 1, 2022, a fifteen-minute hearing on the merits was held. SOF ¶ 16; ECF No. 25 ("Etheridge Decl."), ¶ 12. At the hearing, R.P. submitted twenty-one documentary exhibits and called no witness. SOF ¶ 18. The DOE did not present a case and agreed to the relief sought by R.P. *Id.* ¶ 17; Etheridge Decl. ¶ 12. Neither party submitted post-hearing briefing. Etheridge Decl. ¶ 26. Thereafter, the IHO issued a decision granting R.P.'s requested relief. SOF ¶ 19; Etheridge Decl. ¶ 15.

On December 13, 2020, after unsuccessful settlement negotiations, R.P.'s counsel, the Cuddy Law Firm ("CLF"), submitted a demand for attorney's fees and costs incurred in connection with the administrative proceedings. SOF ¶ 20. On May 6, 2021, R.P. filed the instant action, seeking attorney's fees, costs, and expenses for the administrative proceedings and for this action. *See* ECF No.1 ("Compl."). On July 7, 2021, the DOE made a written offer of settlement in the amount of $19,192.50. ECF No. 26 ("Bowe Decl."), ¶ 45. R.P. rejected the offer and now seeks $56,340.58 in attorney's fees and costs, consisting of $33,506.80 for the administrative stage and $22,833.78 for this action. ECF No. 32 ("Second Cuddy Decl."), ¶ 9.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the admissible evidence and the pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Est. of Gustafson ex rel. Reginella v. Target Corp.*, 819 F.3d 673, 675 (2d Cir. 2016).  A dispute over an issue of material fact qualifies as genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  In ruling on a motion for summary judgment, all evidence must be viewed "in the light most favorable to the non-moving party," *Overton v. N.Y. State Div. of Mil. & Naval Affs.*, 373 F.3d 83, 89 (2d Cir. 2004), and the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). Affidavits submitted in support of, or opposition to, summary judgment must be based on personal knowledge, must "set forth such facts as would be admissible in evidence," and must show "that the affiant is competent to testify to the matters stated therein." *Patterson v. Cty. of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004) (quoting Fed. R. Civ. P. 56(e)).

## DISCUSSION

Congress enacted the IDEA "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs."  20 U.S.C. § 1400(d)(1)(A).  To that end, the IDEA guarantees children with disabilities and their parents certain procedural rights, including the right to seek relief from local educational agencies at an "impartial due process hearing."  *Id.*

§ 1415(f).  A court may award "reasonable" attorney's fees and costs to a parent who is the "prevailing party" at such a hearing.  20 U.S.C. § 1415(i)(3)(B)(i); *see also R.G. v. N.Y.C. Dep't of Educ.*, 18-CV-6851 (VEC), 2019 WL 4735050, at *1 (S.D.N.Y. Sept. 26, 2019).  Such an award may cover work performed in connection with the hearing, before the district court, and on appeal from the district court.  *See, e.g.*, *M.D. v. N.Y.C. Dep't of Educ.*, No. 17-CV-2417 (JMF), 2018 WL 4386086, at *1; *C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17-CV-7632 (PAE), 2018 WL 3769972, at *3 (S.D.N.Y. Aug. 9, 2018).  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

In considering a claim for attorney's fees under the IDEA, "a district court must ordinarily make two determinations.  It must first determine whether the party seeking the award is in fact a prevailing party" and, second, whether that party should be awarded attorney's fees and costs "under the appropriate standard."  *Mr. L. v. Sloan*, 449 F.3d 405, 407 (2d Cir. 2006); *see also H.C. v. N.Y.C. Dep't of Educ.*, No. 20-CV-844 (JLC), 2021 WL 2471195, at *3 (S.D.N.Y. June 17, 2021).   Here, the DOE does not dispute that R.P. qualifies as a "prevailing party" within the meaning of the IDEA and is entitled to attorney's fees.  ECF No. 29 ("Def.'s Opp'n"), at 1.  Thus, the sole question for the Court is what fees and costs are "reasonable." *Hensley*, 461 U.S. at 433.  Because courts are to interpret the IDEA's fee-shifting provision "in consonance with those of other [federal] civil rights fee-shifting statutes," *A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ.*, 407 F.3d 65, 73 & n.9 (2d Cir. 2005), the relevant inquiry is well established.  "[A] 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case."  *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).  "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a

reasonable hourly rate," *Blum v. Stenson*, 465 U.S. 886, 888 (1984), resulting in a figure often referred to as the "lodestar," but which the Second Circuit prefers to call the "presumptively reasonable fee," *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 183, 190 (2d Cir. 2008). Adjustments to that fee then may be made as necessary in the particular case," *Blum*, 465 U.S. at 888, although because the calculation's twin inputs already account for "most, if not all, of the relevant factors," the presumption that the lodestar represents a reasonable fee award is especially strong, and departures from that figure will be "rare," *Perdue*, 559 U.S. at 552-54.

## A. Billing Rates

The Court begins by addressing the reasonable hourly rates to be used in calculating the presumptively reasonable fee. A "reasonable hourly rate" is defined as "the rate a paying client would be willing to pay," *Arbor Hill*, 522 F.3d at 190, and should be "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of the services furnished," 20 U.S.C. § 1415(i)(3)(C); *see also A.R. v. N.Y.C. Dep't of Educ.*, 407 F.3d 65, 79 (2d Cir. 2005), and on the so-called "*Johnson* factors," to wit:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Lilly v. City of New* York, 934 F.3d 222, 228 (2d Cir. 2019) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)); *see also M.D. v. N.Y.C. Dep't of Educ.*, No. 20-CV-6060 (LGS), 2021 WL 3030053, at *2 (S.D.N.Y. July 16, 2021). A court "need not recite and make separate findings as to all twelve *Johnson* factors, provided that it takes each

into account in setting the attorneys' fee award." *C.D.*, 2018 WL 3769972, at *4. Moreover, in determining the "reasonable hourly rate," district courts have "considerable discretion." *Arbor Hill*, 522 F.3d at 190.

The parties sharply disagree on the reasonable hourly rate for CLF attorneys and paralegals. R.P. seeks hourly rates of $550 for senior attorneys, $425-50 for mid-level attorneys, $375 for junior attorneys, and $225 for paralegals. ECF No. 18 ("Cuddy Decl."), ¶ 145. The DOE argues that, based on the *Johnson* factors and recent attorney's fee cases in this district involving CLF, the hourly rates should be reduced to $350 for senior attorneys, $250 for mid-level and junior attorneys, and $100 for paralegals. Def.'s Opp'n 7-8.

Upon consideration of all the *Johnson* factors, the Court concludes that R.P.'s proposed hourly rates are indeed excessive. Among other things, the DOE did not oppose R.P.'s DPC and did not to present a case at the impartial hearing. Etheridge Decl. ¶¶ 11-13; Bowe Decl. ¶ 40. Nor did the case involve any "novel or difficult questions"; "the issues raised were like those in many other DPC proceedings in this District in which [the DOE] concedes at the outset that the relief sought in a DPC is proper." *M.D.*, 2021 WL 3030053, at *3. It is true, as R.P. stresses, that counsel's efforts resulted in a high degree of success, *see* ECF No. 22 ("Pl.'s Mem."), 9-10, and that the degree of success is the "most critical factor in determining the reasonableness of a fee award," *C.D.*, 2018 WL 3769972, at *11 (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992); *Kassim v. City of Schenectady*, 415 F.3d 246, 255 (2d Cir. 2005)). Nevertheless, and mindful of the fact that the DPC was ultimately uncontested, "this factor alone does not outweigh the rest, which support a reduction in the fee rate sought." *J.R. v. N.Y.C. Dep't of Educ.*, No. 19-CV-11783 (RA), 2021 WL 3406370, at *4 (S.D.N.Y. Aug. 4, 2021). In addition to the *Johnson* factors, "courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee," *Simmons v. New York City*

*Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks omitted), including by taking "judicial notice of the rates awarded in prior cases," *Farbotko v. Clinton Cty. of New York*, 433 F.3d 204, 209 (2d Cir. 2005).  As discussed below, the prevailing market rates are lower than what R.P. seeks.

The Court begins with the senior lawyers.  "The prevailing market rate for experienced, special-education attorneys in the New York area circa 2018 was between $350 and $475 per hour." *J.R.*, 2021 WL 3406370, at *3 (collecting cases).  Taking into consideration recent cases from this district involving CLF in similar IDEA litigation, as well as the relevant *Johnson* factors, the Court concludes that a reasonable hourly rate in this case for R.P.'s senior attorneys, Andrew Cuddy and Jason Sterne, each of whom has been practicing IDEA law since at least 2005, is $375.  *See J.R.*, 2021 WL 3406370, at *4 (reducing A. Cuddy and Sterne's hourly rates to $350 in an essentially uncontested proceeding where the plaintiff failed to allege novel or difficult issues); *L.L. v. N.Y.C. Dep't of Educ.* No. 20-CV-2515 (JPO), 2022 WL 392912, at *3 (S.D.N.Y. Feb. 9, 2022) (awarding A. Cuddy and Sterne $360 per hour due to minimal contention and substantive tasks); *M.D.*, 2021 WL 3030053, at *3 (awarding A. Cuddy and M. Cuddy $375 per hour in line with similar attorneys in the district); *cf. C.B. v. N.Y.C. Dep't of Educ.*, No. 18-CV-7337 (CM), 2019 WL 3162177, at *6-8 (awarding A. Cuddy and Sterne $400 per hour for a contested administrative hearing that lasted almost ten hours).

Next, the Court concludes that a reasonable hourly rate for Kevin Mendillo, the lead counsel in the underlying action, is $300.  Mendillo is a mid-level associate who has been practicing law since 2011, ECF No. 20 ("Mendillo Decl."), ¶¶ 10-11, and has litigated over one hundred due process hearings since he joined CLF in 2014, *id.* ¶ 13.  Courts in this district have awarded him $300 per hour when he served as a lead counsel during similar administrative proceedings.  *See, e.g.*, *L.L.*, 2022 WL 392912, at *3; *H.C.*, 2021 WL 2471195, at *5; *see also*

*R.G.*, 2019 WL 4735050, at *3 (awarding $300 per hour to a CLF associate with similar special education litigation experience).  By contrast, the Court finds that $200 is the reasonable hourly rate for Justin Coretti, another mid-level attorney for whom R.P. entirely failed to provide a declaration attesting to his credentials and experience.  *See* Cuddy Decl. ¶ 122.  In addition, the Court concludes that the reasonable hourly rate for Erin Murray, a junior associate who earned her J.D. in 2019 and joined CLF in 2020, ECF No. 21 ("Murray Decl."), ¶¶ 24, 28, is $150.  *See, e.g., C.D.*, 2018 WL 3769972, at *7 (noting that "for associates with three to fewer years of experience in [IDEA] litigation, courts in this District have typically approved rates of $150-275 per hour"); *see also R.G.*, 2019 WL 4735050 at *3 (awarding $150 per hour to a junior associate at CLF who had one year of experience).

Finally, the Court finds that R.P.'s proposal of $225 per hour for legal assistant John Slaski and paralegals Emma Bianco, Allison Bunnell, Shobna Cuddy, Cailin O'Donnell, Amanda Pinchak, ChinaAnn Reeve, Khrista Smith, and Sarah Woodard, *see* Cuddy Decl. ¶ 145, is unreasonable.  "Paralegals, depending on skills and experience, have generally garnered between $100 and $125 per hour in IDEA cases in this District."  *R.G.*, 2019 WL 4735050, at *3 (collecting cases).  With evidence of specialized qualifications, paralegals typically receive an hourly rate of $120 or $125.  *C.B.*, 2019 WL 3162177, at *9; *M.D.*, 2018 WL 4386086, at *3; *C.D.*, 2018 WL 3769972, at *7.  But "[w]here plaintiffs have failed to provide evidence showing that a paralegal has special qualifications in the form of formal paralegal training, licenses, degrees, or certifications or longer paralegal experience, courts have typically awarded fees at the lower rate of $100-per-hour for that paralegal."  *C.B.*, 2019 WL 316277, at *9 (internal quotation marks omitted).  Applying those standards here, the Court concludes that a $125 is a reasonable hourly rate for Slaski, Pinchak, and Woodard given their credentials and experience.

*See* Cuddy Decl. ¶¶ 126, 128, 131; ECF No. 18-1 ("CLF Admin. Fee Packet"), at 40, 47-48;[1] *see also C.B.*, 2019 WL 3162177, at \*9 (awarding $125 to Pinchak given her formal training).  By contrast, R.P. has failed to show that Bianco, Bunnell, S. Cuddy, O'Donnell, Reeve, and Smith have similar qualifications.  In line with other courts in this District, the Court concludes that $100 per hour is reasonable for each of them.  *See, e.g.*, *R.G.*, 2019 WL 4735050, at \*3 ("When the fee-seeking party fails to explain what qualifications entitle the paralegal to a higher rate, a rate at the bottom of the range is warranted.").

## B.  Hours Reasonably Expended

The Court turns, then, to the number of "hours reasonably expended."  *Hensley*, 461 U.S. at 433.  To arrive at that number, a district court looks to the "contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done."  *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998).  The court must then exclude "[h]ours that are excessive, redundant, or otherwise unnecessary," and may reduce the number of compensable hours "for vagueness, inconsistencies, and other deficiencies in the billing records." *Id.* (internal quotation marks omitted).  All the same, "[a] request for attorney's fees should not result in a second major litigation," *Hensley*, 461 U.S. at 437, not the least because lengthy fee-award proceedings undermine the purpose of fee-shifting statutes by "increas[ing] the costs to plaintiffs of vindicating their rights," *id.* at 442 (Brennan, J., concurring in part and dissenting in part).  Accordingly, "trial courts need not, and indeed should not, become green-eyeshade accountants.  The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection.  So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."  *Fox v. Vice*, 563 U.S.

---

[1]     Citations to page numbers in ECF No. 18-1, CLF's administrative fee demand packet, are to the page numbers automatically assigned by the Court's electronic filing system.

826, 838 (2011); *see also M.D.*, 2021 WL 3030053, at *1; *C.B.*, 2019 WL 3162177, at *5. Indeed, rather than engage in a painstaking line-item review of each billing entry, in calculating an appropriate reduction of compensable hours "[a] district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application." *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (internal quotation marks omitted).

### 1. Administrative Proceedings

The Court begins with the hours attributable to the administrative proceedings before the IHO.  R.P. requests compensation for 85.2 hours of work for the administrative proceedings, totaling $31,867.5.  Cuddy Decl. ¶ 145; Second Cuddy Decl. ¶ 9.  The DOE asks the Court to reduce the compensable hours attributable to the administrative proceedings by at least fifty percent, arguing that the number of hours that CLF billed for preparation of the initial DPC (14.7 hours) and the amended DPC (1.5 hours) and for hearing preparation (9.7 hours, of which 1.2 hours were billed after March 18, 2020, when the DOE informed R.P. that it would not present a case at the hearing, *see* CLF Admin. Fee Packet 14-17, 21) was excessive.  Def.'s Opp'n 16-17.

The Court agrees with the DOE that the number of hours billed was excessive.  First, each of the DPCs consisted of ten pages and largely constituted a chronological recitation of R.P.'s educational history.  DPC 2-4; Amended DPC 2-5.  Considering the number of hours other courts have awarded CLF for drafting DPCs, *see, e.g.*, *L.L.*, 2022 WL 392912, at *4 (reducing CLF's time working on a nine-page DPC to nine hours); *R.G.*, 2019 WL 4735050, at *4 (reducing CLF's time spent on drafting a three-page DPC to 1.5 hours), the Court concludes that a reduction is warranted.  Second, given the short and uncontested nature of the hearing, the Court agrees that the number of hours billed preparing for it was unreasonable.  *See, e.g.*, *H.C.*, 2021 WL 2471195, at *8, *24 (reducing CLF's time by 20% where the DOE changed

their position at the "eleventh hour" following substantial hearing preparation).  Although R.P. asserts that the proceeding was longer because the parties engaged in a forty-five-minute off-the-record discussion prior to the official hearing, Mendillo Decl. ¶¶ 44-45, the "preparation-to-proceeding" ratio of nine to one remains unreasonably high.  *See, e.g.*, *L.L.*, 2022 WL 392912, at *5 (reducing CLF's time billed for hearing preparation by half to "align with the preparation-to-proceeding ratio of between 5:1 and 6:1 in similar cases").  In short, "[w]hile counsel of course needed to marshal arguments, exhibits and evidence, even for an uncontested hearing, the hours expended by CLF are on the high end for an unchallenged . . . hearing," *M.D.*, 2021 WL 3030053, at *5, and thus warrant reduction.

In short, the Court agrees with the DOE that a percentage reduction is appropriate "as a practical means of trimming fat."  *McDonald*, 450 F.3d at 96.  That said, the Court concludes that a more modest twenty-percent reduction is sufficient.  In recent cases of comparable complexity brought by CLF in this District, courts have generally reduced CLF's hours spent on administrative proceedings by about that percentage.  *See, e.g.*, *J.R.*, 2021 WL 3406370, at *5 (ordering a twenty-percent reduction in the hours spent on the underlying action due to the brevity of the parties' submission, the DOE's cooperation, and the lack of complexity in the matter); *M.D.*, 2021 WL 3030053, at  *5 (reducing hours spent on an uncontested administrative proceeding by twenty percent); *H.C.*, 2021 WL 2471195, at *8-10 (reducing hours expended for the administrative proceeding by twenty percent); *R.G.*, 2019 WL 4735050, at *3-4 (reducing hours spent on administrative proceeding by roughly twenty percent when the defendant introduced one witness during a four-hour hearing).  In light of these cases, the parties' submissions, the record in this case, and the governing legal standard for reasonable hours expended, the Court concludes that a reduction of twenty percent in CLF's hours billed to the administrative proceedings is appropriate.

11

Finally, the Court rejects R.P.'s contention that a reduction would be inappropriate because the DOE unreasonably protracted the final resolution of the action and intentionally delayed the proceeding by failing to respond.  Pl.'s Mem. 5-7.  Although the DOE could perhaps have been more responsive, "any protraction on the DOE's part did not rise to the level of being unreasonable."  *H.C.*, 2021 WL 2471195, at  *8 (internal quotation marks omitted); *see also S.J. v. N.Y.C. Dep't of Educ.*, No. 20-CV-1922 (LGS), 2021 WL 100501, at  *4 (S.D.N.Y. Jan. 12, 2021) (rejecting CLF's argument that DOE unreasonably protracted because the DOE representative was unresponsive, leading to significant delays in the administrative proceedings).

After careful consideration of the parties' submissions, the record in this case and the governing legal standard, and in accordance with the rulings above, the Court awards CLF attorneys' fees for the administrative hearing as follows:

| Individual | Hourly Rate | Hours | Total |
|---|---|---|---|
| A. Cuddy | $375 | 1.2 | $450 |
| Sterne | $375 | 0.48 | $180 |
| Mendillo | $300 | 42.72 | $12,816 |
| Bianco | $100 | 6.8 | $680 |
| Bunnell | $100 | 2.16 | $216 |
| S. Cuddy | $100 | 2.08 | $208 |
| O'Donnell | $100 | 4.16 | $416 |
| Pinchak | $125 | 4.48 | $560 |
| Slaski | $125 | 2.88 | $360 |
| Smith | $100 | 0.88 | $88 |
| Woodard | $125 | 0.32 | $40 |
| Total | | | $16,014 |

## 2.  This Action

Next, the Court turns to the hours attributable to this action.  R.P. requests compensation for fifty-eight hours in connection with this action, totaling $22,115.  Second Cuddy Decl. ¶ 9. The DOE seeks an eighty-percent reduction, arguing that CLF engaged in excessive and duplicative billing for basic tasks and "copy and paste work" and improperly sought

compensation for activities after the settlement offer.  Def.'s Opp'n 18-21.  The Court largely agrees with the DOE.

For starters, the Court agrees that no fees should be awarded for costs or work performed after July 7, 2021, when the DOE made a written offer of settlement to R.P. in the amount of $19,192.50.  Bowe Decl. ¶ 45; ECF No. 32-2.  Under the IDEA's fee-shifting provisions, a court may not award attorney's fees and related costs "subsequent to the time of a written offer of settlement to a parent if" the court "finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement."  20 U.S.C. § 1415(i)(3)(d)(i).  That is the case here, as the total fees and costs to which R.P. was entitled as of July 7, 2021, was, as discussed below, lower than the DOE's settlement offer.  *See H.C.*, 2021 WL 2471195, at *10 (declining to award any fees or costs incurred after the date of DOE's written offer because the plaintiffs were entitled to less in fees and costs); *O.R. v. N.Y.C. Dep't of Educ.*, 340 F. Supp. 3d 357, 371 (2018) (same); *cf. C.G. v. Ithaca City School Dist.*, 531 F. App'x. 86, 88 (2d Cir. 2013) (summary order) (holding that the prohibition did not apply because the administrative relief obtained by the plaintiff was more favorable than the settlement offer).

R.P. argues that the DOE's written settlement offer does not bar her entitlement to fees because she was "substantially justified" in rejecting it.  ECF No. 31 ("Pl.'s Reply"), at 9 (citing 20 U.S.C. § 1415(i)(3)(E)).[2]  In particular, R.P. contends that she was justified in rejecting the DOE's offer because, first, the DOE "rel[ied] solely on case law from prior decisions and not

---

[2]      R.P. also claims that, on August 2, 2021, she received another settlement offer marked as the DOE's final offer pursuant to 20 U.S.C. § 1415(i)(3)(d).  *See* Murray Decl. ¶¶ 14, 18.  And Andrew Cuddy's second declaration purports to attach this August 2, 2021 settlement offer as Exhibit B, *see* Second Cuddy Decl. ¶ 6, but review of the exhibit shows that it is actually a copy of the July 26, 2021 offer of judgment in the amount of $19,192.50, ECF No. 32-2.  In any event, whether the Court uses July 7, 2021, or August 2, 2021, makes little difference as CLF billed for little work in the intervening period.  *See* ECF No. 32-1.

prevailing market rates to arrive at its proposed offer" and, second, the offer would "waive the right to any claim for interest on the settlement amount," especially post-judgement interest. *Id*. Neither argument is persuasive. First, as discussed above, the recent court decisions cited by the DOE (and the Court) take into account the prevailing market rates in the New York area. And second, if the DOE were to delay payment past the ninety-day statutory period for a municipality to pay all sums due to a settling plaintiff, *see* N.Y. C.P.L.R. § 5003-a, R.P. could bring a separate action seeking an award of interest on the settlement amounts, as CLF has done in other recent cases. *See, e.g.*, *D.M. v. N.Y.C. Dep't of Educ.*, No. 19-CV-1477 (ER), 2021 WL 4441508, at *2 (S.D.N.Y. Sept. 28, 2021) (granting CLF the settlement amount of $28,000 plus 9% interest because the DOE failed to tender payment within ninety days of the settlement); *C.S. v. N.Y.C. Dep't of Educ.*, No. 19-CV-11419 (CM) (GWG), 2021 WL 1851366, at *3 (S.D.N.Y. Apr. 8, 2021) (awarding CLF 9% interest on a settlement that DOE failed to pay within the required ninety-day period). In short, R.P. is not entitled to any fees or costs after July 7, 2021.

With respect to the hours that R.P. lists for the period before that date, the Court concludes that a thirty-percent reduction is warranted. As the DOE notes, CLF billed 4.6 hours of attorney time to draft its Complaint, *see* Bowe Decl. ¶ 20, but the Complaint is a mere six pages, three of which contain boilerplate language nearly identical to complaints submitted by CLF in other cases in recent years, *see, e.g.*, *J.R.*, 2021 WL 3406370, ECF No. 1; *V.W.*, 2022 WL 37052, ECF No. 1; *see also* Def.'s Opp'n 20. Notably, recent cases in this district have reduced the hours that CLF spent litigating attorney's fees between twenty-five percent to fifty percent. *See, e.g.*, *R.G.*, 2019 WL 4735050, at *5 (reducing CLF's hours spent litigating attorney's fees by approximately twenty-six percent because the brief "discusse[d] no novel questions and contain[ed] approximately five pages [out of thirty] of boilerplate language"); *J.R.*, 2021 WL 3406370, at *6 (reducing CLF's times by twenty-five percent for its straightforward

motion to award attorney's fees); *M.D.*, 2021 WL 3030053, at *6 (reducing CLF's 76.2 hours spent on federal court litigation by fifty percent due to "low degree of complexity"); *L.L.*, 2022 WL 392912, at *5 (reducing CLF's hours spent on a similar summary judgement motion by roughly half).  In light of the straightforward nature of this action, the Court concludes that a thirty-percent reduction is reasonable.

In accordance with the foregoing rulings, the Court grants R.P. fees for the following rates and hours in connection with the federal action:

| Individual | Hourly Rate | Hours | Total |
| --- | --- | --- | --- |
| A. Cuddy | $375 | 0.49 | $183.75 |
| Mendillo | $300 | 0.49 | $147 |
| Coretti | $200 | 0.14 | $28 |
| Murray | $150 | 7.07 | $1.060.50 |
| S. Cuddy | $100 | 0.7 | $35 |
| O'Donnell | $100 | 0.35 | $70 |
| Reeve | $100 | 0 | $0 |
| Total | | | $1,524.25 |

## C.  Costs, Expenses, and Interest

That leaves costs, expenses, and interest.  "Attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (cleaned up).  Here, R.P. seeks reimbursement of $506 in costs for faxes, $325 in costs for the administrative proceedings, and $402 in court filing fee for the federal action.  Cuddy Decl. ¶ 145.  First, the Court agrees with the DOE that $0.50 per page for printing is excessive and that this rate should be reduced to $0.10 per page.  Def.'s Opp'n 21; *see, e.g.*, *R.G.*, 2019 WL 4735050, at *6 (finding $0.10 per page an "entirely reasonable compensation for printing costs, absent any indication in the record why the copies in this case are exceptionally expensive").  Although the DOE does not dispute the fax costs, the Court finds, in line with other courts in this District, that CLF's request for fax

15

reimbursement is unreasonable. *See, e.g.*, *id.* (denying fax costs when "[p]laintiff has made no showing why communicating via fax was necessary or appropriate," especially given that "[m]odern copy machines have the ability to scan documents so that they can be emailed, a method of communication that costs virtually nothing"); *D.P. v. N.Y.C. Dep't of Educ.*, No. 21-CV-0027 (KPF), 2022 WL 103536, at *15 (S.D.N.Y. Jan. 10, 2022) (same). Accordingly, the Court awards R.P. the following costs: $65 in printing, $1.77 in postage, and $402 in filing, for a total of $468.77.

Finally, R.P. requests both pre-judgment interest and post-judgment interest. Compl. 6. In support of the former, however, she cites no authority from this Circuit. *See* Pl.'s Mem. 25; Second Cuddy Decl. ¶ 9; Def.'s Opp'n 21-22. Moreover, as discussed above, R.P. is not entitled to fees and costs after the DOE's written offer on July 7, 2021. Accordingly, and in line with other cases in this District, R.P.'s request for pre-judgment interest is denied. *See, e.g.*, *.S.J.*, 2021 WL 100501, at *5 ("Plaintiff did not adequately support the legal basis for the Court to award prejudgment interest for an award of attorneys' fees pursuant to IDEA."); *M.H. v. N.Y.C. Dep't of Educ.*, No. 20-CV-1923 (LJL), 2021 WL 4804031, at *29-31 (S.D.N.Y. Oct. 13, 2021) (denying prejudgment interest because courts are not permitted "to mix and match, giving counsel current rates when that would generate a greater fee award and prejudgment interest on historic rates when that would generate the greater fee") (citing cases). By contrast, "[p]ursuant to 28 U.S.C. § 1961, the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *True-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (internal quotation marks omitted). Accordingly, R.P.'s request for post-judgment interest is granted.

**CONCLUSION**

For the reasons stated above, R.P.'s motion for summary judgment is GRANTED, but she is awarded less in fees and costs than she requests.  In particular:

(1) R.P. is entitled to fees at an hourly rate of $375 for Andrew Cuddy and Jason Sterne, $300 for Kevin Mendillo, $200 for Justin Coretti, $150 for Erin Murray, $125 for Amanda Pinchak, John Slaski, and Sarah Woodard, and $100 for the other paralegals;

(2) CLF is not entitled to costs or fees for work performed after July 7, 2021;

(3) CLF's hours attributable to the administrative proceedings are reduced by twenty percent and its compensable hours attributable to the federal action are reduced by thirty percent; and

(4) CLF is not entitled to costs for faxing and to only $0.10 per page for copying.

In total, R.P. is awarded $18,007.02, consisting of $16,014.00 in attorney's fees and $66.77 in costs for the administrative proceedings and $1,524.25 in attorney's fees and $402.00 in costs for this action for work performed before July 7, 2021.  In addition, R.P. is awarded post-judgement interest on this amount, calculated at the applicable statutory rate.

The Clerk of Court is directed to terminate ECF No. 1.


SO ORDERED.

Dated: April 27, 2022
        New York, New York

                                              JESSE M. FURMAN
                                    United States District Judge